IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 2 0 2024

PER_____ DEPUTY CLERK

REGINALD C. SCOTT, AP-9778,
pro se, SCI-Mahanoy, 301 Grey Line
Drive, Frackville PA 17931, in his
own befalf.

        PLAINTIFF

    - vs -

COURT OF COMMON PLEAS FOR DAUPHIN
COUNTY, PENNSYLVANIA, HONORABLE SCOTT
A. EVANS, JUDGE, his predecessors and
successors in office and/or affiliation
therewith, d/b/a an entity and/or political
subdivision, individually and officially,
DAUPHIN COUNTY DISTRICT ATTORNEY'S OFFICE,
RICHARD A. LEWIS, DISTRICT ATTORNEY, his
predecessors and successors in office
and/or affiliation therewith, d/b/a an
entity and/or political subdivision, of-
ficially and individually, DAUPHIN COUNTY
PUBLIC DEFENDER'S OFFICE, UNKNOWN PUBLIC
DEFENDER, ARTHUR DILS, ESQUIRE, his prede-
cessors and successors in office and/or
affiliation therewith, d/b/a an entity
and/or political subdivision, individually
and officially, COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION & PAROLE, W. CONWAY BUSHEY,
CHAIRMAN, his predecessors and successors in
office and/or affiliation therewith, d/b/a an
entity and/or political subdivision, individu-
ally and officially,

        DEFENDANTS

CIVIL ACTION NUMBER

\#_____

CIVIL RIGHTS COMPLAINT

DEMAND FOR JURY TRIAL ON
ALL TRIABLE ISSUES

APPOINTMENT OF COUNSEL
REQUESTED

## I.   J U R I S D I C T I O N

1.    This a civil action authorized by and sought pursuant to Title 42 U.S.
C. § 1983 to redress the deprivation, under color of State law, of rights secured,
provided by and/or otherwise protected by the United States Constitution. This
Court has exclusive jurisdiction pursuant to Title 28 U. S. C. §1343. Plaintiff
seeks declaratory and other relief as allowable and provided under 28 U. S. C.
§'s 2201-2202, and, Rule(s) 57 & 65, Fed. R. Civ. Proc..

## II.    P A R T I E S

2.      Plaintiff in this action, REGINALD C. SCOTT, AP-9778, is and was, at all times mentioned herein, an individual citizen of the State of Pennsylvania incarcerated at the State Correctional Institution at SCI-Mahanoy, located at 301 Grey Line Drive, Frackville, PA 17931, serving term(s) imposed by named Defendants [See Infra. id.] for Second Degree Murder thereto, and, of which said Plaintiff is and was entitled to all protections and insurances as to be provided him under clearly existing regulations, law(s), etc. enacted for such purposes by the General Assembly of said jurisdiction which Defendants, named below, are a part of and so endowed with affectuating such.

3.      Defendants Court of Common Pleas for Dauphin County, Pennsylvania, SCOTT A. EVANS, all predecessors and successors in office and/or affiliation therewith, are and were, at all times mentioned herein, [Hereinafter known as "Defendant Judge & The Court", for brevity], an entity of which named Judge and successor(s)/prede-cessor(s)/affiliate(s) therewith operate in collective activity in the role of and doing business as a political subdivision of said jurisdiction with the duties of enforcing clearly existing legal statute(s) through the institution of criminal proceedings and/or holding thereof for suspected offenders and the sentencing of those such offenders having been convicted of violating said  statutes; and, with such official conduct being endowed upon said parties and entity  solely as the enacted legal statutes require such as provided by the General Assembly. Said par-ties are being sued as individuals whose conduct indicates the functioning as a corporation whereby such treatment and/or qualification would allow proceedings thereupon in such capacity; and, to the extent that such entity does not function or qualify as a corporation, this action is being filed in accordance with existing law(s) granting entitlement to affected person(s) to redress upon local government(s) and political subdivision(s) for conduct instituted  by agents thereof which would impose culpability upon that agency by such affiliation, relationship and/or proxy.

4.      Defendants Dauphin County District Attorney's Office, Richard A. Lewis, all predecessors and successors in office and/or affiliation therewith, are and were, at all times mentioned herein, [Hereinafter known as "D.A.'s Office" & "The D. A", for brevity], an entity of which named Defendant(s) operate collectively in the

capacity and active role of prosecutor for said named jurisdiction and on the behalf of said jurisdiction, whose official duties are and were the institution of criminal charges upon citizens suspected of criminal wrongdoing and providing of criminal proceedings therefor, the seeking of convictions therefor and the imposition of term(s) of confinement for such criminal violation(s) and conviction(s) in accordance with clearly existing legal statutes enacted by the General Assembly for such purposes. Said named defendants are and were further responsible for the insuring that the guilty would be punished and the innocent be freed, that trials for charges would be searches for the truth and not quests for convictions, and, that any such convicted person(s) would be so sentenced for such conviction(s) as the clearly existing law(s) provide and that no such person would be subjected to any arbitrary, capricious or nebulous conduct by either named defendants, affiliates or agents therewith. Additionally, said named defendants are and were responsible for the correction of any and/or all violation(s) of the law(s) relating to any subdivision and/or agency affiliated therewith of which deviate from the clearly existing statutes enacted by the General assembly for purposes of penalizing any parties convicted of criminal wrongdoing. Named Defendants are being sued in their individual capacities whose conduct and activities in conducting daily business indicates function(s) of a corporation to the extent that existing law applies to such conduct; and, to the extent such entity does not function and/or qualify as a corporation, this action is being instituted upon named defendants in accordance with existing law(s) granting entitlement to affected persons to redress upon local governments and political subdivisions for conduct instituted by agents thereof which would impose culpability upon that agency by such affiliation, relationship, and/or proxy.

5.        Defendants Dauphin County Public defender's Office, Unknown Public Defender & Arthur Dils, Esquire, are and were, at all times mentioned herein (Hereinafter known as "P.D'. Office" & "The Lawyer", for purposes of brevity], an agency and entity performing duties within said named jurisdiction, whose duties are and were the insurance of quality, competent and actively effective assistance of legal counsel for any and all indigent citizens facing criminal proceedings whereby their indigency would not allow them to hire and/or acquire counsel on their own behalf, the mandatory compliance with all clearly existing ethical obligations as imposed

upon them by supervisory agencies governing attorney conduct, the mandatory report-ing of any and/or all breach(es) of such obligation(s) by any fellow lawyer(s) who may affiliate therewith, and, the insurance that the adversarial proceedings by which are utilized for testing the criminal process of determining guilt or in-nocence of a citizen suspected of criminal wrongdoing are conducted in accordance with clearly existing legal statutes by which afford to that accused citizen his entitlements under said legal statutes and that that citizen's entitlements are not and/or will not be abridged, infringed and/or otherwise violated by any agency of affiliate with the criminal justice/law enforcement portion of said jurisdict-ion. Additionally, named defendants are and were responsible for the protection of the interests of any and/or all clients said  named defendants are required to act on behalf of, including and not limited to the prevention of conduct in conflict with the interests of that client, the refusal to act in any legal matter when not possessing ability to competently protect the interests of any and/or all clients, and, the refusal to abridge, infringe and/or otherwise violate the confidentiality of any client being so represented and/or assisted thereby. Said named defendants aree being sued in the capacity as individuals whose functions and conduct as set forth below allow and/or require liability to attach, in their capacities as ac-tors in complicity with agents and/or other affiliated personnel having official endowment under color of law(s), as an agency whose conducting daily business al-lows for application of law(s) relating to corporations and, to the extent that said conduct and Defendants' conduct does not conform to allowance of liability by corporate functions, under clearly existing laws allowing redress by citizens for such agency of local government and/or political subdivision for conduct instituted by agents therefor whereby imposition of culpability attaches by such affiliation, relationship and/or proxy.

6.        Defendants Commonwealth of Pennsylvania Board of Probation & Parole, W. Conway Bushey, all predecessors and successors in office and/or affiliation there-with [hereinafter known as "Parole Board" & "Bushey" for purposes of brevity], are and were, at all times mentioned herein, an individual entity with persons whose individual status endowed them with the official function(s) and/or duties to act as clearly existing legal statutes require in the proper computing and/or determin-ation of penal terms imposed by Defendant Judge & The Court as well as any other such Courts and/or Judges, including the requirement of allowing such convicted

citizens opportunity to be paroled from terms imposed by Courts of said jurisdiction(s) within said State, including and not limited to such terms as imposed upon Plaintiff, at the expiration of the minimum term as imposed by that jurisdiction, and, as clearly existing law(s) allow. Additionally, named Defendants are and were responsible for the insuring that no arbitrary, capricious or otherwise unfair refusal(s) to grant parole upon eligibility would occur to any such citizen meeting clearly existing standards therefor, and complying with clearly existing· legal statutes governing such allowance(s) for parole by that citizen being so eligible. Said named defendants are being sued in their capacity of individual(s) employed with official endowment(s) and/or capacity to so act, and, as their functions of conducting daily business allows the operation of said subdivision and/or agency to be deemed as a corporation and of which legal culpability would allow for such action based upon named Defendants' affiliation, relationship and/or proxy.

## III.   F A C T S

7.        On March 17th, 1975, Plaintiff was tried for the charges of robbery and second degree murder, arising from a single criminal incident which the death of a citizen occured. A Jury adjudged Plaintiff guilty of all charges on March 24th, 1975 and sentencing was to be held after posttrial motion were to be filed and argued.

8.        Prior to sentencing and during postrial motions, predecessors of The Court & D.A.'s Office did enter into complicity with The P.D.'s Office & The Lawyer to allow for abuse(s) upon Plaintiff during sentencing whereby he (Plaintiff) would be subjected to capricious and arbitrary conduct by all named herein. Based on said agreement and complicity, The Lawyer deliberately, maliciously and intentionally failed and refused to act competently in behalf of Plaintiff and/or his best interests and sabotaged his direct appeal by the failure/refusal to timely present or preserve issues pertinent to Plaintiff's convictions of elements of second degree murder as seperate crimes in and of themselves.

9.      On June 23rd, 1975, in furtherance of named Defendants' agreement and complicity thereof, **The Court,** via predecessor thereof, did indicate to Plaintiff and **The Lawyer**both, the failure/refusal to timely seek presentation/preservation of said issues, and, the intention to compel Plaintiff to serve consecutive term for his being convicted of elements of one distinct crime as seperate crimes, in clear violation of clearly existing authority and legal statutes which would have prohibited such action.

10.      **The Court,** through predecessor, having full and complete knowledge that in so sentencing Plaintiff in the manner set forth in ¶ 9, supra, would be in violation of his official capacity as said predecessor would have been acting in the absence of legal authority and outside of his official capacity, did intentionally, maliciously and delieberately impose upon Plaintiff consecutive terms of the maximum allowable for a conviction of said crime, but, which was not to have occured in that such was an element which made up the charge of second degree murder which Plaintiff was convicted; further, said predecessor, with full knowledge of his doing so being outside of his legal capacity which would endow him with immunity therefor, did again deliberately, intentionally and maliciously compel said term(s) to be served prior to the term of natural life without parole. This action was done solely to stigmatize and oppress Plaintiff by virtue of abuse by predecessor of his office and duty to both law and the ability to so act thereby, as said illicit agreement indicated.

11.      Based on **The Lawyer's** conduct in failing/refusing to act competently in Plaintiff's best interests as required by law, Plaintiff was unable to have his issues relating to the imposition of said term(s) before any appellate tribunal for review thereof, causing Plaintiff to be compelled to serve an unlawful term in violation of clearly existing law(s) and based on invidious factors unknown to Plaintiff.

12.      Based on **The Lawyer's** acts which caused Plaintiff injuries set forth in ¶ 10, supra, Plaintiff sought relief via postconviction remedies existing under the law(s) of Pennsylvania. Upon said filing with **The Court,** said successors did conspire with **The D.A. & D.A.'s Office** via successors and **The P.D.'s Office,** via

successors to deny Plaintiff relief by the refusal to correct the wrongdoing and through usage of affiliate(s) with **The P.D.'s Office** by depriving Plaintiff of competent and meaningfully competent representation of his issues.

13.     Based on the collusion and concerted agreement by named Defendants in ¶ 12, supra, **The Court,** on April 2nd, 1980, denied Plaintiff's attempt at relief from his unjust condition(s) without benefit of either hearing or allowance of the accumulation of a record relating thereto.

14.     The conduct by **The Court & D.A.' Office** was done in violation with the clearly existing law(s) governing post-conviction remedies and which allow for appointment of competent counsel and a hearing when issues are presented which relief  can be granted; and, solely to continue to compel Plaintiff to serve the unjust and illegal term(s) imposed by **The Court** for invidious unknown reasons not presented thereby.

15.     Plaintiff, on December 3rd, 1986, filed with **The Court** a second post-conviction petition again seeking  to have his issue(s) relating to his unjust and illegal sentences addressed thereby. Upon said filing, **The Court** did act to contact and again enter into complicity and agreement with **The D.A.'s Office,** through successors, and, **P.D.'s Office,** through successors, to deny once more Plaintiff any forthcoming relief as to his illegal terms imposed thereby. The **P.D.'s Office** agreed to refuse to actively seek any relief on Plaintiff's behalf and to  seek a timely appeal as to any denial by **The Court** as to Plaintiff's postconviction petition. Based on this complicit agreement by named Defendants, **The Court** denied to Plaintiff postconviction relief without hearing or opportunity to acquire any record or facts supporting Plaintiff's entitlement to relief. Said denial occured on February 13th, 1987.

16.     Based on said denial by **The Court, The P.D.'s Office,** through affiliates thereto, deliberately, intentionally and maliciously failed/refused to timely file any appeal of the denial by **The Court** of the postconviction relief sought by the Plaintiff, causing Plaintiff to continue to serve the illegal terms imposed and to be precluded from timely seeking appellate relief from the denial. Said conduct was instituted solely to assist in the complicit agreement by said Defendants to

invidiously compel Plaintiff to unjust punishment imposed by The Court, and, for future favors such as advancement to other post(s) and/or promotion(s) thereof and thereby.

17.     On November 17th, 1987, after acquiring information that The P.D.'s Office, through affiliates, did refuse/fail to timely file appeal of his postconviction remedy, Plaintiff filed with The Court seeking untimely appeal permission, which The Court denied November 23rd, 1987. Plaintiff thereafter appealed to the Superior Court for Pennsylvania the denial and His case was remanded to The Court for determination of whether notice was actually given Plaintiff as to the denial of his postconviction remedy thereby.

18.     Based upon the remand by Superior Court of Plaintiff's case, The Court & D.A.'s Office again conspired and entered into collusion with the P.D.'s Office to deny to Plaintiff any entitled relief through the usage of denial of competent representation thereby and the allowance of The Court to act in the manner to deny Plaintiff relief.

19.     On November 30th, 1988, hearing was held in The Court relating to the remand by Superior Court, at which time The Court deprived The P.D.'s Office, by affiliate representing Plaintiff thereat, from asserting any other issue(s) than the notice issue presented to Superior Court. Based on this action and the refusal and failure by The Lawyer, Plaintiff was adjudged thereby to have been given notice and his petition was again denied thereby.

20.     In all these stages and proceedings, Plaintiff's issue relating to his unjust and illegal sentence imposed has never been properly addressed by The Court or any affiliate thereby.

21.     On February of 1989, Plaintiff sought post-conviction remedy again, seeking relief from his unjust sentence imposed by The Court  in The Court; and, with The Court denying him relief again by date of June 15th, 1989.

9

22.        After continuing to meet the afore-said opposition to each attempt to acquire relief, Plaintiff, on September 7th, 1989, filed with this Court petition seeking habeas corpus relief: and, with this Court, by Order dated January 19th, 1990, denying him the same based upon his failure to exhaust existing State remedies.

23.        Based on said denial by this Court, Plaintiff, on March 10th, 1992, did. seek nunc pro tunc appeal from The Court and from its October 28th, 1991 Order, of which The Court again invidiously denied Plaintiff. Said denial was upheld by the Superior Court on January 14th, 1993, for reasons unrelated to the unjust and il-legal sentence imposed by The Court.

24.        Once more having to face the gauntlet, plaintiff filed with The Court another post-conviction petition seeking relief from his illegal and unjust sent-ence imposed thereby. Said petition was filed on december 17th, 1996; and, on said date, after collusive agreement by The Court, D.A.'s Office and P.D.'s Office, through affiliates therewith, sham counsel, George F. Schultz, Esq., was appointed as counsel on Plaintiff's behalf.

25.        However, The Court, with agreement and consent by the P.D.'s Office, by named affiliate therefor, solely appointed named affiliate to Plaintiff's case to have said agent act in denial of relief to Plaintiff through refusal/failure to competently act in Plaintiff's best interests. In furtherance of this agreement and collusion, named affiliate, on February 18th, 1997, filed with The Court a motion seeking withdrawl and alleging Plaintiff's issues as meritless. After The Court, in furtherance of the intent as agreed to collusively by named defendants, granted named affiliate's withdrawl, The Court, by order dated June 24th, 1997, again den-ied relief to Plaintiff.

26.        From the years of 1975 to November of 1986, Plaintiff was serving the un-just and illegal term as imposed by The Court which, though illegal, entitled him to both review and eligibility for parole by BUSHEY and affiliates therewith, as clearly existing law(s) governing named Defendant's duties require.

27.    However, during service of the illegal term by Plaintiff, **BUSHEY** and affiliates deliberately, intentionally and maliciously and recklessly failed/refused to inquire into the manner in which the term(s) imposed by **The Court** were to run and/or the legality of said term(s) imposed, as allowable by their official duties. This deliberate, malicious, intentional, etc., refusal/failure to act in their official capacity to possibly rectify any error by the judiciary did cause Plaintiff to serve said illegal term, be deprived of existing programs whereby he could have participated and possibly allowed for his eligibility for commutation of his life term and/or possible parole or release back to society.

28.    **BUSHEY,** in his and affiliate(s) active concert therewith, including predecessors, did fail and refuse to actively seek or otherwise indicate to the proper authorities the possibility of Plaintiff's term being unlawful for correction therefor, solely based upon named Defendant's deliberate, willful, malicious, intentional  and reckless wish(es) to compel Plaintiff to serve said term due to the life term imposed as consecutive and based upon unknown rationale inexplicable.

29.    **BUSHEY,** through affiliates and predecessors/successors therewith, deprived Plaintiff of equal opportunity to an enjoyment bestowed upon others similarly situated as Plaintiff solely and strictly based upon criteria not allowable under his clearly existing legal mandates controlling and/or otherwise depicting his duties while functioning in his official and individual capacities.

30.    **BUSHEY & the Parole Board,** in its invidious and selective discrimination against Plaintiff was in violation of clearly existing legal criteria prohibiting such activity and, of which a reasonable person would have and/or should have had knowledge of and would not have so done.

31.    **BUSHEY & the Parole Board,** in its action(s) taken against Plaintiff, did act in a manner whereby Plaintiff was compelled to serve a term of which subjected him to an additional penalty absent affording him any panoply of entitlements due him relating to the prevention of jeopardy and/or relief from said conduct as allowable under existing criterion governing review thereof and/or correction/prevention therefor.

32.      The Court, by Defendant Judge in the June 24th, 1997 denial of Plaintiff's last postconviction relief, did act in furtherance of all predecessors in the denial to plaintiff of deserving relief solely to satisfy all predecessors of The Court and affiliates with The D.A.'s Office & P.D.'s Office in the unjust and discriminatory denial to Plaintiff his entitlements under the law, in his individual and collective capacity while acting as individual and confederate with the named Defendants herein solely to deprive to Plaintiff protected rights existing under clearly established law(s) governing said Judge's duties and requirements in his official capacity.

33.      The Court, Defendant Judge, and all affiliates therewith, in their conduct instituted against Plaintiff surrounding his illegally imposed sentence, acted in the clear breach of existing law to the extent that their action(s) are deemed to have been without legal and lawful jurisdiction, stripping named Defendants of any entitlement(s) to immunity bestowed by virtute of their official capacity and/or duties thereof.

34.      The D.A.'s Office, the D.A., and affiliates therewith, in their conduct instituted against Plaintiff surrounding his illegally imposed sentence, acted with full, complete and knowing factual predicate that such sentencing was not legally allowable, and deliberately, maliciously, intentionally and recklessly refused to act in any manner to prevent such miscarraige by The Court or Defendant Judge  by notification of such and/or seeking to enforce the law whereby said conduct would not occur, stripping named Defendants of any entitlements to immunity bestowed by virtute of their official capacity and/or duties thereof.

36.      The Court, defendant Judge, The D.A.'s Office , the D.A. by their collective and knowing collusion with The Lawyer & the P.D.'s Office, and affiliates therewith relating to the conduct instituted against Plaintiff surrounding his illegally imposed sentence, acted in knowing complicity, collusion and/or agreement therewith to deliberately, maliciously and intentionally deprive to Plaintiff his entitlements under the law clearly existing at the time the conduct was performed, and, under circumstances which strip named Defendants of any entitlement(s) to immunity bestowed by virtute of their official capacity and/or duties thereof.

37.        The P.D.'s Office, The Lawyer, and affiliates therewith, in the invidious denial to Plaintiff competent counsel through the refusal/failure to actively advocate Plaintiff best interests and/or present the same through meaningful representation thereof, in the collusion with the Defendant Judge, The Court, & The D.A.'s Office to deprive such to plaintiff and allow for subjection of violations of the law to be directed at Plaintiff, said named Defendants acted in complete violation with clearly existing laws and ethical requirements of which a reasonable person in such situation would not have so done.

38.        The P.D.'s Office, The Lawyer, and affiliates therewith, in the invidious denial to Plaintiff his entitlements under the law of competent counsel and in the collusive conspiracy to deny to Plaintiff rightful entitlements under the law, did act in collective conspiracy to assist all other named defendants in their acts directed against and upon Plaintiff, and, which strips any immunity from named Defendants herein from any immunity bestowed by virtue of their individual capacity and by, through such conspiracy and collusion therewith, allows for strict liability with all other named defendants for conduct instituted thereby, and, as if instituted while acting under the cloak of law.

39.        None of any Defendants named in this action can legally excuse or otherwise show any acceptable grounds for the conduct instituted upon and/or otherwise directed at Plaintiff thereby for which such conduct may be deemed as excusable.

## IV.  L E G A L    C L A I M S

40.        Defendants, as named above specifically, by the conduct and practice(s) set forth in ¶'s 1 through 39, supra, did deliberately, maliciously, intentionally and recklessly inflict upon Plaintiff injuries to his person which are irreparable in that Plaintiff has been subjected to punishment in additional to that imposed lawfully, whereby an additional   thirty   years of Plaintiff's life expectancy has been removed by callous, ignorant and premeditated conduct.

41.      Defendants specifically named herein, both as individuals and as active parties in collusion and concert therewith collectively, did deliberately, intentionally, malicious and recklessly deprive to Plaintiff lawful entitlements as existing under clearly established law(s), authority and other regulations granting such to him and/or prohibiting removal, deprivation and/or infringment upon such entitlements.

42.      Defendants, by the above-described acts, practices and/or policy contained in ¶'s 1 through 39, supra, deliberately, maliciously, intentionally and recklessly deprived Plaintiff of his entitlements to be free from unwarranted infliction of physical, emotional and/or other distress and pain without process due him, to be free from such conduct and/or infliction by way of discrimination and/or invidious bias/prejudice(s) which has not been specifically discerned or revealed to Plaintiff, to be free from denial of enjoyement of established entitlements by agencies and/or policital subdivisions acting as such and/or as individuals by way of principal/agent, and, deprived Plaintiff of such while having full knowledge that such conduct being done would so cause such injuries to Plaintiff thereby when a reasonable person so situated would not have so acted.

43.      Plaintiff has no existing remedy, actual , complete or otherwise, by which he can utilize to redress his injuries and return to him his years of life-expectancy to him invidiously removed by named defendants in the manner set forth, supra.

44.      Plaintiff, should this Court fail and/or refuse to intervene and otherwise assist/allow Plaintiff to redress the wrong(s) commited upon him, shall continue to be so injured irreparably by said conduct, in violation of the command of the law(s) existing granting to plaintiff such avenue and for such purpose.

14

## V.   R E L I E F

45.      WHEREFORE, Plaintiff in this action, REGINALD C. SCOTT, AP-9778, respect-
fully requests and seeks this Court to grant to and/or otherwise bestow upon him
the following relief, including and not limited to :

(a)      Declaratory judgment by this Court holding and finding that named Defend-
ants' conduct, acts and/or policy and practice(s)  instituted upon Plaintiff violat-
ing his rights as insured and protected under the United States Constitution;

(b)      Preliminary and permenant injunction which prohibits Defendants and others
set forth in the caption of this complaint from in any manner retaliating against
Plaintiff for his filing this action against them, from transferring him to any other
prison and/or portion of the prison, including the Restricted Housing Unit(s) [a/k/a
"The HOLE"] without written cause shown establishing valid grounds therefor, during
the pendency and final outcome of this action against them;

(c)      Compensatory damages from each individual named as Defendant herein being
awarded to Plaintiff in the sum and/or fixed certain amount of fifty thousand dollars
($50,000.00) for their wrongful conduct directed at Plaintiff which he suffers from
and continues to be forever deprived of;

(d)       Punitive damages from each individual named as Defendant herein being award-
ed to Plaintiff in the sum and/or fixed certain amount of one-hundred and fifty thou-
sand dollars ($150,000.00) to insure that Defendants named herein and/or all others
affiliated therewith and/or succeeding them will not act or otherwise pursue these
same acts and conduct giving rise to his action against them in any future period;

(e)      Trial by jury demanded on each and every issue triable by this Court,, as
provided by law and the Rules governing Civil procedure;

(f)      Sanction(s) imposed upon Defendants for the costs of this action in this
Court being awarded to Plaintiff and against all named defendants;

(g)      Appointment of counsel by this Court and on behalf of Plaintiff to allow for proper, just and meaningful access to this Court with his claims against Defendants in that plaintiff's issues are complex, require extensive research and discovery by which Plaintiff and/or assistance on his behalf, by confinement and incarceration thereof, renders him/them incapable of actively pursuing his case against Defendants absent the guiding hand of counsel, as allowable by the existing law(s) and facts as set forth in this case;

(h)      Such other and further relief as this Court deems just, proper & equitable.


## V E R I F I C A T I O N


S T A T E   O F   P E N N S Y L V A N I A

C O U N T Y   O F   D A U P H I N


I, REGINALD C. SCOTT, AP-9778, declare under the penalty of perjury (28 U. S. C. § 1746) that the foregoing facts set forth in my above complaint are both true and correct and made upon my personal knowledge, information and belief.

DATED : _AUGUST- 9_____ th, 2024


Respectfully Submitted,

Reginald C. Scott, AP-9778
Plaintiff pro se,
AP-9778 SCI-Mahanoy
301 Grey Line Drive
Frackville, PA 17931

Mr. Reginald C. Scott-AP9778
S CT-Mahanoy
301 Grey Line Drive
Frackville, PA 17931

RECEIVED
HARRISBURG, PA

AUG 20 2024

PER_____
DEPUTY CLERK

INMATE MAIL
PA DEPT OF
CORRECTIONS



quadient
FIRST-CLASS MAIL
IMI
$003.15 º
08/09/2024 ZIP 17932
043M31230995

US POSTAGE

The Clerk's Office
United States District Court
Middle District of Pennsylvania
238 Walnut Street,
P.O. Box 983
Harrisburg, PA 17108